UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAFAEL F. VAZQUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2000 |
| | § | |
| SELENE FINANCE, L.P., *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Pending before the Court is the defendants', Selene Finance, L.P. ("Selene"), Selene Finance, L.P., N.A., and Loancare, a Division of FNF Servicing Inc. (collectively, "the defendants"), motion for summary judgment and motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 56 and 12(c), respectfully. (Dkt. No. 6). The plaintiffs, Rafael F. Vazquez and Norma L. Vazquez (collectively, the "plaintiffs"), have failed to file a response to the defendants' motion and the time for doing so has elapsed. Accordingly, pursuant to this Court's local rules, the plaintiffs' "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. After having carefully considered the motion, the pleadings, the record and the appropriate law, the Court determines that the defendants' motion for summary judgment and motion for judgment on the pleadings should be **GRANTED**.

### II. FACTUAL OVERVIEW

This case concerns the plaintiffs' challenge to the proposed July 5, 2016, foreclosure sale of the real property located at 24927 Garnet Shadow Lane, Katy, Texas 77494 (the "Property"). On or about September 5, 2008, the plaintiffs executed a Promissory Note (the "Note") payable to Lending Key, Inc. ("Lending Key") in the amount of $246,163.00. (Dkt. No. 6, Ex. 1-A).

Simultaneously with the execution of the Note, the plaintiffs executed a Deed of Trust (the "Deed") establishing a first lien on the Property. (*Id.*, Ex. 1-B). On or about September 9, 2010, Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of Lending Key assigned its rights and interest under the Deed to Loancare, A Division of FNF Servicing, Inc. ("Loancare"). (*Id.*, Ex. 1-C). The Assignment was recorded on June 6, 2010, in the real property records of Harris County, Texas as Doc. No. 2010111488. (*Id.*). On or about June 15, 2015, Loancare assigned the Deed to Selene as evidenced by an Assignment recorded in the real property records of Harris County, Texas as Document No. 2015067546. (*Id.*, Ex. 1-D). Selene is the current owner, holder, and record assignee of the Note and Deed. (*Id.*). Selene is also the current mortgage servicer and attorney-in-fact for Loancare with regard to the subject loan. (*Id.*, Ex. 1-D).

The plaintiffs do not dispute that they have defaulted on their obligations under the Note and Deed and have made no payments on the loan since November 1, 2010. The defendants, by way of counsel, provided the plaintiffs with the requisite notices of default and intent to accelerate as well as with notices of acceleration. (*Id.*, Ex. 1-E, 1-F). The Property was scheduled for a foreclosure sale on July 5, 2016. (Dkt. No. 1, Ex. C-1, ¶ 15).

On July 1, 2016, the plaintiffs filed suit against the defendants in the 268th Judicial District Court of Fort Bend County, Texas, seeking to contest foreclosure of the Property, asserting claims for violation of the Texas Debt Collection Practices Act ("TDCPA"), estoppel, violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of contract, negligence and violation of the Consumer Financial Protection Act ("CFPA"). (*See* Dkt. No. 1, Ex. C-1, ¶¶ 17-32). The defendants timely removed the case to this Court, which has subject matter

jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Dkt. No. 1). The defendants now move for summary judgment and judgment on the pleadings on the plaintiffs' claims.

**III. SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at

1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

The plaintiffs in this case have not filed a response to the defendants' motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken

as a representation of no opposition." S.D. Tex. L.R. 7.4. Notwithstanding the plaintiffs' failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendants, as "[t]he movants[,] have the burden of establishing the absence of a genuine issue of material fact and, unless [they] have done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. Nevertheless, in determining whether summary judgment is appropriate, a district court may accept as undisputed the facts set forth in the motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted). Accordingly, this Court accepts the defendants' facts and evidence as undisputed.

## IV. ANALYSIS & DISCUSSION

### A. The Plaintiffs' Texas Debt Collection Practices Act Claim

The defendants are entitled to summary judgment on the plaintiffs' TDCPA claim. To prevail on a TDCPA claim, the plaintiffs must prove that the defendants committed or were going to commit an act against them in violation of the TDCPA and that they were injured as a result. *See* TEX. FIN. CODE § 392.403. The plaintiffs contend that the defendants misrepresented the character, extent or amount of a consumer debt and used false representations or deceptive means to collect a debt. (Dkt. No. 1, Ex. C-1, ¶ 19). The plaintiffs have offered no evidence that the defendants committed any fraudulent or deceptive acts in attempts to collect the debt. The plaintiffs merely proffered conclusory allegations, lacking in specific facts that are insufficient to plead a plausible claim. *Franklin v. BAC Home Loans Servicing, L.P.*, No. 10–

cv–1174, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCPA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive . . . under the federal rules and applicable law.") The defendants committed no TDCPA violation. The plaintiffs defaulted on the Note and the defendants followed all the necessary procedures to foreclose on the Property. (*See* Dkt. No. 6, Ex. 1, ¶¶ 7-9). Moreover, the plaintiffs have proffered no evidence that would prove the defendants violated the TDCPA. As such, the Court grants summary judgment on this issue.

B.  **The Plaintiffs' Estoppel Claim**

The defendants are also entitled to summary judgment on the plaintiffs' estoppel claim. The plaintiffs allege that the defendants failed to account for funds received that were paid by the plaintiffs. (Dkt. No. 1, Ex. C-1, ¶ 22). The plaintiffs' original petition states that they would provide evidence of malfeasance, misfeasance, and nonfeasance that was committed by the defendants. (*Id.*) No such evidence has been provided. Moreover, the record is absent of any evidence supporting the plaintiffs' assertions. "[A] plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his or her] pleadings." *Russell v. Harrison*, 736 F.2d 283, 287 (5th Cir. 1984). Therefore, because the plaintiffs have produced no evidentiary support for their allegations, as a matter of law, the Court grants summary judgment on their estoppel claim.[1]

C.  **The Plaintiffs' Texas Deceptive Trade Practices Act Claim**

The plaintiffs have failed to sufficiently allege any facts on which they might recover under the DTPA statute. "To maintain a DTPA cause of action, the claimant must establish that

---

[1] A claim of promissory estoppel, if alleged by the plaintiffs, would fail as well. "Because of the valid contract the theory of promissory estoppel is not applicable." *Prince v. Miller Brewing Co.*, 434 S.W.2d 232, 240 (Tex. Civ. App.—Houston 1968, writ ref'd). The Note and Deed were valid enforceable contracts at the time of the filing of the petition. The Note and Deed controlled the terms of the mortgage agreement. (Dkt. No. 6, Ex. 1-A, 1-B). Thus, a claim of promissory estoppel would fail.

(1) he or she is a consumer of the defendant's goods or services; (2) the defendant committed a false, misleading, or deceptive act in connection with the lease or sale of goods or services, breached an express or implied warranty, or engaged in an unconscionable action or course of action; and (3) such actions were the producing cause of the claimant's actual damages." *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 159 (Tex. App. – Ft. Worth, 2007, writ denied) (citing, *inter alia*, TEX. BUS. & COM. CODE § 17.50(a)).

Regarding the first element, a "consumer" under the DTPA is an individual "who seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE § 17.45(4). "Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor service." *Fix*, 242 S.W.3d at 160 (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 173-74 (Tex. 1980)); *see also Marketic v. U.S. Bank Nat'l Assoc.*, 436 F. Supp. 2d 842, 855 (N.D. Tex. 2006). The defendants neither sold nor leased any goods or services to the plaintiffs. On the contrary, the defendants provided a loan to the plaintiffs to purchase the Property. The plaintiffs do not qualify as consumers with standing to sue under the DTPA. Accordingly, the plaintiffs' DTPA claim fails as a matter of law.

Here, the plaintiffs make their assertion without tendering even the slightest evidence in support of it. Again, "a plaintiff cannot establish a genuine issue of material fact by resting on the mere allegations of [his or her] pleadings." *Russell*, 736 F.2d at 287. "On the contrary, 'once defendants have made . . . sworn denials, summary judgment is appropriate unless [a] plaintiff can produce significant evidence demonstrating the existence of a genuine fact issue.'" *Id.* (quoting *Parsons v. Ford Motor Co.*, 669 F.2d 308, 313 (5th Cir.), *cert. denied*, 459 U.S. 832, 103 S. Ct. 73, 74 L. Ed. 2d 72 (1982)) (emphasis in original). The defendants have proffered a sworn declaration substantiating their authority to foreclose on the Property. (*See* Dkt. No. 6,

Ex. 1). According to the declaration, the plaintiffs have been in default since November 1, 2010, and the defendants have satisfied the requisite requirements to legally foreclose on the Property. (*See Id*. at ¶¶ 7-9). Without offering any evidentiary support to demonstrate a genuine fact issue, summary judgment is appropriate. Accordingly, the defendants, as a matter of law, are entitled to summary judgment on the plaintiffs' DTPA claim as the plaintiffs are unable to establish the requisite elements of their claim.

### D. The Plaintiffs' Breach of Contract and Negligence Claims

The Court grants the defendants' motion regarding the plaintiffs' breach of contract claim. The plaintiffs allege that the notice of the trustee sale, sent by the defendants, was sent to the wrong address. (Dkt. No. 1, Ex. C-1, ¶ 31). The plaintiffs also allege that they were not granted the opportunity to modify and reinstate their loan as permitted by the Deed. (*Id*.) Without more, these allegations are unavailing. To prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Valero Mtkg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (internal citation and emphasis omitted).

The plaintiffs cannot and have not established the latter three elements of their claim. The plaintiffs defaulted on the Note, and they have not shown that the defendants breached the Deed. (*See* Dkt. No. 6, Ex. 1-E). Nor have the plaintiffs shown that they have suffered any recoverable damages. The "existence of damages resulting from breach is [an] essential element of [a] breach-of-contract claim." *Employees Ret. Sys. of Texas v. Putnam, LLC*, 294 S.W.3d 309, 318 (Tex. App. – Austin 2009, no pet.) (internal citation omitted). The plaintiffs cannot prevail on this claim because they cannot "establish that [their] pecuniary loss was a result of the

breach." *See Employees Ret. Sys. of Texas*, 294 S.W.3d at 318 (internal citation omitted). The plaintiffs cannot display a causal relationship between that nonexistent breach and their alleged damages. Thus, the Court grants the defendants' motion on this issue.

With regard to their negligence claim, the plaintiffs assert that the defendants breached their duty "to disclose all material information necessary affecting plaintiff's rights as they related to any default." (Dkt. No. 1, Ex. C-1, ¶ 31). "Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Haliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columb. Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)). "[N]o special relationship [exists] between a mortgagor and mortgagee." *Collier v. Wells Fargo Home Mortg.*, No. 7:04–CV–086-K, 2006 WL 1464170 at *8 (N.D. Tex. May 26, 2006) (citing *UMLIC VP LLC v. T & M Sales and Envtl. Sys., Inc.*, 176 S.W.3d 595, 612 (Tex. App.-Corpus Christi 2005, pet. denied)). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *UMLIC*, 176 S.W.3d at 612 (citations omitted). *Heller Fin., Inc. v. Grammco Computer Sales, Inc.*, 71 F.3d 518, 527 (5th Cir. 1996) ("As a general rule, the failure to perform the terms of a contract is a breach of contract, not a tort") (internal citations omitted). Accordingly, there is no duty of care that would support a claim of negligence by the plaintiffs against the defendants because any duty to act in good faith is solely premised upon the Note and Deed.

More specifically, any harm that the plaintiffs allegedly suffered would be based on the defendants' purported failure to act pursuant to the terms of the parties' "contracts," *i.e.*, the Note and Deed. *See Owens v. Bank of America, NA*, No. H–11–2552, 2012 WL 912721, at *4 (S.D. Tex. March 16, 2012) (dismissing negligence claim because "the sole potential basis for the

defendant's liability is contractual in nature by the terms of the Note and Deed of Trust"). As mentioned above the Note and Deed were valid contracts at all relevant times during this suit. Therefore, the defendants are entitled to a summary judgment on the plaintiffs' negligence claim.

Moreover, to the extent that the plaintiffs' tort claim is premised on any oral representations that might have been made by the defendants and/or one of their representatives concerning the plaintiffs' loan agreement[2] and/or any modifications thereof, such claims are precluded by the statute of frauds, as the plaintiffs here are parties to a loan agreement that is subject to the statute of frauds. Moreover, a loan agreement that exceeds $50,000 is unenforceable unless it is in writing and signed by the party against whom enforcement is sought. *See* Tex. Bus. & Comm. Code § 26.02(b). Likewise, any oral modification that encompasses or relates to the parties' original loan agreement is unenforceable unless it is also in writing and signed by the party against whom enforcement is sought. *See Deuley v. Chase Home Fin. LLC*, No. H-05-04253, 2006 WL 1155230 at *2 (S.D. Tex. April 26, 2006) (citing *Garcia v. Karam*, 276 S.W.2d 255, 257 (Tex. 1955)). "[A] plaintiff [is precluded from] recover[ing] damages in tort for claims arising out of an unenforceable contract under the statute of frauds." *Hugh Symons Grp., PLC v. Motorola, Inc.,* 292 F.3d 466, 470 (5th Cir. 2002) (citing *Haase v. Glazner,* 62 S.W.3d 795, 799 (Tex. 2001)). Thus, the Court grants the defendants' motion on these issues.

### E. The Plaintiffs' Consumer Financial Protection Act Claim

Finally, the defendants move for summary judgment on the plaintiffs' claim for violations of CFPA. The plaintiffs make a general allegation that the defendants have failed to

---

[2] The term "loan agreement" is defined broadly to include "one or more promises, promissory notes, agreements, undertakings . . . pursuant to which a financial institution . . . agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." Tex. Bus. & Com. Code § 26.02(a)(2).

follow the requirements of 12 C.F.R. 1024. The defendants noted that the plaintiffs failed to identify any specific provision that was allegedly violated by the defendants. Moreover, the defendants argue that the plaintiffs cannot seek the requested relief because they have failed to state a plausible claim for which relief can be granted. The plaintiffs have failed to respond to any of these arguments. The Court concludes that the defendants' arguments are not without merit. The plaintiffs would have to provide more than just a mere statute to properly assert a claim. Also, as noted above, the plaintiffs cannot establish a genuine issue of material fact by simply including allegations in their pleadings. *See Russell*, 736 F.2d at 287. Without offering any evidentiary support to demonstrate a genuine fact issue, summary judgment is appropriate. Accordingly, the defendants, as a matter of law, are entitled to summary judgment on the plaintiffs' CFPA claim.

V. **CONCLUSION**

Based on the foregoing analysis and discussion, the defendants' motion for summary judgment and motion for judgment on the pleadings is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 31st day of May, 2017.

_____
Kenneth M. Hoyt
United States District Judge